IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Ada Berrios-Ortiz,
   Plaintiff,

     v.                                **Civil No. 05-1415 (GAG)**

Ex-Lax, Inc., et al.,
   Defendant.

**OPINION AND ORDER**

This matter is before the court on defendant Ex-Lax's motion for summary judgment. The action was commenced by plaintiff Ada Berrios-Ortiz ("Berrios") alleging two claims of age discrimination against Ex-Lax, Inc. ("Ex-Lax") and parent company Novartis ("Novartis"), pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, and supplemental state jurisdiction.

As a threshold issue, defendant argues that this court has no jurisdiction over this case given that plaintiff's claims were untimely filed. Specifically, defendant argues that plaintiff's demotion claim was not filed within the 300-day statute of limitations as required by the ADEA. The timeliness issue is analyzed in turn.

Plaintiff had been an Ex-Lax employee since November 1979. See Docket No. 2, ¶ 8; Docket Nos. 12 & 22, ¶ 2. Plaintiff served as Export Coordinator for the company from December 1995 until December 27, 2000 when plaintiff's position as was eliminated. See Docket No. 2, ¶ 9; Docket No. 12, ¶¶ 3, 9. In 2000, Ex-Lax implemented a corporate-wide plan designed to reduce costs throughout its departments and divisions. See Docket No. 2, ¶ 10; Docket No. 12, ¶ 8. Ex-Lax redistributed the Export Coordinator's responsibilities amongst other employees and offered plaintiff the Accounts Payable position instead. See Docket No. 12, ¶¶ 11 – 12. Plaintiff was allowed to keep her same salary and benefits in the new position, which became effective January 1, 2001. Id. at ¶¶ 12, 14. On March 12, 2002, plaintiff filed a petition with the ADU for age and gender discrimination. See Docket No. 17, Exh. 14.

The ADEA requires plaintiffs to file a charge of discrimination with the ADU or EEOC

**Civil No. 05-1415 (GAG)**                                          2

within 300 days of the alleged unlawful practice. See 29 U.S.C. § 626(d). In this case, that translates to filing on or before October 23, 2001. Plaintiff filed almost five (5) months later. Plaintiff argues that the time limitation is equitably tolled because she was unaware of the law and because Ex-Lax failed to post the statutorily mandated notices of employment rights. See 29 U.S.C. § 627. This argument is unpersuasive.

The baseline rule is that time limitations are important in discrimination cases and federal courts should employ equitable tolling sparingly. See Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999). Notwithstanding, the filing period will be tolled if an employer "actively misleads" the employee or "where the employee had no other actual or constructive knowledge of the complaint procedures." Ritz-Carlton, 410 F.3d at 47 – 48. Plaintiff claims she did not know about her rights until she consulted with an attorney. However, evidence on record demonstrates otherwise.

Plaintiff applied for and was granted a company-paid graduate degree program in Human Resources. See Docket No. 22, Exh. C (Novartis letter to plaintiff). Plaintiff masters degree program started in January 2001 and ended in December 2002. See Docket No. 36, Exh. B (plaintiff's deposition). As part of the program, plaintiff took courses related to employment discrimination, including Title VII and ADEA. Id. Additionally, as early as December 27, 2000, plaintiff mentioned feeling discriminated against by Ex-Lax's decision to eliminate her position. See Docket No. 31, Exh. 2 (plaintiff's letter to Richard Maeir, Novartis Controller). Finally, plaintiff herself testified in her deposition that she wanted to wait to sign an acceptance form for the Accounts Payable position because she wanted to consult with her attorney. See Docket No. 36, Exh. B. At the very least, this record demonstrates that Berrios has "actual or constructive knowledge" of ADEA procedures and standards.

Therefore, given that plaintiff's ADU/EEOC petition was untimely, this action cannot proceed.[1] Defendant's motion (Docket No. 12) is **GRANTED**. Judgment shall be entered

---

[1] Defendant also argues that plaintiff failed to exhaust her administrative remedies by not filing her termination charge with the ADU/EEOC. However, this point is moot in light of the

**Civil No. 05-1415 (GAG)**                 3

accordingly.

    **SO ORDERED.**

    In San Juan, Puerto Rico this 21st  day of September 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge

---

aforementioned.