IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

Ada Berrios-Ortiz,
    Plaintiff,

    v.                                              **Civil No. 05-1415 (GAG)**

Ex-Lax, Inc., et al.,
    Defendant.

**OPINION AND ORDER**

This matter is before the court on plaintiff's motion for reconsideration. See Docket No. 50. Specifically, plaintiff moves the court to reconsider its ruling dismissing the suit for being time barred because the court purportedly disregarded her equitable tolling argument. The court disagrees. Plaintiff's argument was fully considered and found to be unpersuasive.

The baseline rule is that time limitations are important in discrimination cases and federal courts should employ equitable tolling sparingly. See Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999). Notwithstanding, the filing period will be tolled if an employer "actively misleads" the employee or where the employee had "actual or constructive knowledge of the complaint procedures." Mercado v. Ritz-Carlton, 410 F.3d 41, 47 – 48 (1st Cir. 2005)

The court found that plaintiff applied for and was granted a company-paid graduate degree program in Human Resources. See Docket No. 22, Exh. C (Novartis letter to plaintiff). The court also found that plaintiff's masters degree program started in January 2001 and ended in December 2002. See Docket No. 36, Exh. B (plaintiff's deposition). As part of the program, plaintiff took courses related to employment discrimination, including Title VII and ADEA. Id. Most notably, however, the court found that as early as December 27, 2000, plaintiff mentioned feeling discriminated against by Ex-Lax's decision to eliminate her position. See Docket No. 31, Exh. 2 (plaintiff's letter to Richard Maeir, Novartis Controller). Finally, plaintiff herself testified in her deposition that she wanted to wait to sign an acceptance form for the Accounts Payable position because she wanted to consult with her attorney. See Docket No. 36, Exh. B.

As noted in the original order, this was sufficient to demonstrate actual, or in the least,

**Civil No. 05-1415 (GAG)**  2

constructive knowledge of plaintiff's rights. Therefore, plaintiff's motion to reconsider is **DENIED**.

**SO ORDERED.**

In San Juan, Puerto Rico this 2nd day of October 2006.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge